UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 16-4066-MMM |
| | ) |
| DR. JIANJUN MA, | ) |
| | ) |
| Defendant. | ) |

### MERIT REVIEW ORDER

**MICHAEL M. MIHM, U.S. District Judge:**

Plaintiff Timothy Bell, proceeding *pro se* from his detention in the Rushville Treatment and Detention Center ("Rushville"), seeks leave to proceed *in forma pauperis* on his claim against Defendant Dr. Jianjun Ma.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to

1

"state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

Bell alleges that Dr. Ma was deliberately indifferent to his serious medical needs in violation of his Fourteenth Amendment rights. Specifically, Bell claims that Dr. Ma ignored his complaints of pain in his left wrist and that, as a result, Bell has had to undergo surgery on his left wrist. Bell states that he has lost strength in his left wrist and is still in pain.

Bell further alleges that he is now suffering pain and similar deficiencies in his right wrist. However, Dr. Ma is ignoring his pain and is not treating his condition. Bell has filed this suit seeking monetary damages.

Bell's Complaint states a claim for deliberate indifference to a serious medical condition in violation of his Fourteenth Amendment rights. *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015); *Gilbert v. Rohana*, 2015 WL 6442289, * 4 (S.D. Ind. Oct. 23, 2015)(finding that "*Kinglsey* did not alter the legal standard for denial of medical treatment claims brought by pretrial detainees like Plaintiff.").

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* [3] is GRANTED. Pursuant to the Court's April 26, 2016 Order, no reduced filing fee will be assessed.

2. Pursuant to a review of the Complaint, the Court finds that Plaintiff states a Fourteenth Amendment Due Process Claim against Defendant for deliberate indifference to a serious medical need. Any additional claim(s) shall not be included in the case except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 60 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendant, the Court will enter an Order scheduling deadlines for discovery and dispositive motions.

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendant shall file an Answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the Answer is necessary or will be considered.

7.      Once counsel has appeared for Defendant, Plaintiff need not send copies of his filings to Defendant or to Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

8.      Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement.  Counsel for Defendant shall arrange the time for the deposition.

9.      Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

**It is further ORDERED that the Clerk is directed**: **(1) to show Plaintiff's motion to proceed** *in forma pauperis* **[3] as GRANTED; (2) to attempt service on Defendant pursuant the Court's standard procedures; and (3) to set an internal Court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ORDERED that, if Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 28th day of September, 2016

                                                  s/ Michael M. Mihm
                                            MICHAEL M. MIHM
                               UNITED STATES DISTRICT JUDGE